## UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>Senior District Judge<br>_____<br><br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

<u>NOT FOR PUBLICATION</u>

<u>LETTER ORDER</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

June 2, 2008

**Appearances:**

Carlos Machado
Reg. No. 09184-014
Federal Correction Complex Low
P.O. Box. 07101
Coleman, FL 33521-1031
   Petitioner, pro se

Ronnell L. Wilson, Esq.
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102
   Attorney for Respondent

Re: <u>Carlos Marchado v. United States of America</u>, Crim. No. 89-313

Dear Litigants:

  Petitioner Carlos Machado, appearing *pro se*, has filed a "Motion for Correction of Sentence Motion for Release Based on Parolability and Time Served Or, For a Court Appointed Counsel." While the petitioner has not explicitly stated what statute he is bringing his motion under, this appears to be a motion filed under 28 U.S.C. §2255 and the Court will treat it as such.

The United States has filed a motion to dismiss this motion. Petitioner Machado's motion is denied and the United States' motion to dismiss the motion is made moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 25, 1991, Machado was found guilty on a one count indictment of conspiracy to distribute and to possess with intent to distribute approximately 50 kilograms of cocaine, in violation of 21 U.S.C. § 846.  On April 25, 1991, he was sentenced to 264 months imprisonment. On May 2, 1991, Machado filed a timely Notice of Appeal.  On October 25, 1991, the United States Court of Appeals for the Third Circuit affirmed the decision and judgment of the District Court, and on January 13, 1991, the United States Supreme Court denied the petitioner's writ of certiorari. United States v. Machado, 947 F.2d 938 (3d Cir. 1991), cert denied, 502 S. Ct. 1044 (1992).

On or about June 27, 1994, Machado filed his first petition for relief pursuant to 28 U.S.C. § 2255. Shortly thereafter, he filed a motion to withdraw his petition without prejudice, which was granted on or about December 8, 1994.

On or about March 28, 1995, Machado filed a second petition for relief pursuant to 28 U.S.C. § 2255.  He alleged that he had been deprived of his right to effective assistance of counsel.  He also asserted that his criminal prosecution was barred because it violated the Fifth Amendment's double jeopardy clause, and that his sentence was illegal because it did not include a condition under which he could receive parole.  This Court, by way of a letter order issued on June 25, 1995, denied all three of the petitioner's claims for habeas relief.  Machado timely appealed this denial to the United States Court of Appeals for the Third Circuit which, on June

20, 1997, denied his appeal because he had failed to make a substantial showing of the denial of a constitutional right.

On or about August 20, 2007[1], Machado filed his third the petition for relief pursuant to 28 U.S.C. § 2255 which is currently before the Court. In this petition, he alleged that his sentence was in error because (1) the Sentencing Reform Act of 1984 was not applicable to his crime due to the fact that the District Court for the Southern District of Florida ruled that the Act was unconsititional and petitioner was sentenced in the period of time before the United States Supreme Court could reverse the Southern District of Florida's decision; and (2) the Sentencing Reform Act of 1984 did not amend the conspiracy statute, 21 U.S.C. § 846, under which the petitioner was charged.  He also requested that he be provided with court-appointed counsel to assist him in litigating this petition.  In response, on October 17, 2007, the United States filed a motion to dismiss petitioner's motion.

**DISCUSSION**

    A.    **The Petition Was Not Timely Filed**

A one year period of limitations applies to all motions brought under 28 U.S.C. § 2255. The one year term runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

[1] It appears that Machado initially requested a correction in his Presentence Report from the United States Probation Office by way of letter dated December 19, 2005 (the actual letter bears the date 2006, however this appears to be a typographical error). He was advised by letter dated January 24, 2006, that the Probation Office was not empowered to make such a change and that he needed to file a motion with the District Court. In January 2006, Machado forwarded this response to the Clerk of the Court for the District of New Jersey. On March 16, 2006, he forwarded copies of a Motion For Correction of Sentence to be filed with District Judge Lifland. It is unclear whether this motion was ever docketed.  Machado filed a second copy of this motion on August 20, 2007, this is the motion currently before this Court.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

The petitioner's conviction became final at the time his petition for certiorari to the Supreme Court was denied on January 13, 1992. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). The Court is not aware of, and the petitioner has not advanced, any of the circumstances described in 28 U.S.C. § 2255 (f)(2-4) which would trigger a later date to start the limitations period. In cases such as this one, in which the petitioner's judgment of conviction became final before the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Tit I, 110 Stat. 1217 ("AEDPA") took effect in April 24, 1996, the Courts have recognized a one-year grace period for filing motions under 28 U.S.C. § 2255. This grace period ended on April 25, 1997. However, the petitioner, without any justification or explanation for his delay, did not contact the department of probation regarding this matter until late 2005 and did not file this petition until March 21, 2006. Because the petition is untimely it is denied.

**B.     This Second, Successive Petition Was Filed Without the Required Prior Certification by the Court of Appeals.**

Under 28 U.S.C. § 2255 "[a] second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain –

>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (h).

This is petitioner's second motion[2] pursuant to § 2255 before the Court; his first motion pursuant to § 2255 was fully decided by this Court on June 25, 1995.  However, the petitioner has failed to follow the necessary procedures to obtain an order from the Third Circuit authorizing this Court to consider his motion. See id; Rule 9 of Rules Governing § 2255 Proceedings. Without such permission, this Court "may not consider the second or successive petition." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).  The Court's only option is to either dismiss the motion or transfer it to the Court of Appeals pursuant to 28 U.S.C. § 1631. United States v. Terry, 100 Fed. Appx. 68, 70 (3d Cir. 2004); Robinson, 313 F.3d at 139.  In light of the fact that this petition is also untimely, this Court will dismiss the motion.

Petitioner's request that he be provided court-appointed counsel to assist in the litigation of this motion is denied as moot.

---

[2] While the petitioner has actually filed three motions, petitioner's first motion was withdrawn and dismissed without prejudice. Since it was not decided on the merits it will not be counted in the total number of motions filed. See Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997) (holding that the AEDPA's authorization requirements do not apply where the defendant's prior petitions were dismissed, without prejudice).

**CONCLUSION**

For the foregoing reasons, it is on this 2nd day of June, 2008,

ORDERED that petitioner Machado's motion under 28 U.S.C. § 2255 is DISMISSED; and the United States' motion to dismiss the motion is MOOT.

**s/William H. Walls**
United States Senior District Judge
